# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT DAREN HALE,

        Petitioner,

v.                                            Case No. 19-13670
                                              HON. ARTHUR J. TARNOW

LES PARISH, WARDEN,

        Respondent.
_____/

## OPINION AND ORDER HOLDING HABEAS CORPUS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

This matter is pending before the Court on Petitioner Robert Daren Hale's *pro se* application for the writ of habeas corpus and his motion to hold the petition in abeyance. (ECF Nos. 1, 2.) Petitioner challenges his Oakland County jury-trial convictions and sentence for second-degree murder, Mich. Comp. Law § 750.317; operating under the influence causing death, Mich. Comp. Law § 257.625(4); operating while license suspended, revoked, or denied causing death, Mich. Comp. Law § 257.904(4); and failure to stop at the scene of an accident resulting in death, Mich. Comp. Law § 257.617. Petitioner is serving a sentence of fifty-three to eighty years in prison for the second-degree murder conviction and lesser terms for the remainder.

Petitioner has moved to hold the petition in abeyance to permit him to file a post-conviction motion to present additional claims that have not been exhausted with the state courts. The Court **GRANTS** Petitioner's motion, and will hold the petition in abeyance and stay the proceedings under the terms outlined in this opinion. The Court will also administratively close the case.

## I. Background

Petitioner was convicted following a jury trial in the Oakland County Circuit Court and filed a direct appeal by right. In the Michigan Court of Appeals, Petitioner raised three issues, challenging the admission of evidence from a blood draw and of "other acts" evidence, and asserting that his sentence was disproportionate, and cruel and unusual. The court of appeals affirmed Petitioner's convictions and sentences. *People v. Hale*, No. 335396, 2018 WL 1734240 (Mich. Ct. App. Apr. 10, 2018). The Michigan Supreme Court granted Petitioner's motion to add new grounds but otherwise denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by this Court." 503 Mich. 879, 917 N.W.2d 681 (2018).

The "new grounds" Petitioner sought to add were a claim of ineffective assistance of trial counsel and a Fourth Amendment challenge to the use of cell-site location information ("CSLI") at trial. The latter claim arose while Petitioner's application for leave to appeal was pending at the state supreme court, when the

2

United States Supreme Court issued its opinion in *Carpenter v. United States*, 138 S. Ct. 2206 (2018), holding that CSLI was protected by the Fourth Amendment.

In his timely filed application for habeas relief,[1] Petitioner added a sixth potential ground for relief. He claims insufficient evidence supports his convictions of second-degree murder and operating under the influence causing death.

## II. Discussion

Petitioner filed a motion to stay proceedings and hold his habeas petition in abeyance at the same time he filed the petition. In the motion, he notes that only three of his six potential grounds for relief are exhausted. Petitioner seeks a stay to permit him to file a motion for relief from judgment in the trial court to fully exhaust all issues and permit review by this Court.

Federal district courts ordinarily have the authority to issue stays and it likely would be an abuse of discretion to dismiss a habeas case, rather than stay it, if the petitioner has good cause for the failure to exhaust state remedies, his unexhausted claims are potentially meritorious, and he has not engaged in dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 276, 278 (2005). "In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on December 5, 2019, the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

competing interests in finality and speedy resolution of federal petitions." *Id*. at 278.

This Court is not in a position to determine whether petitioner's new claims have any merit and therefore cannot say that petitioner's claims are "plainly meritless," which would require the stay be denied. *Rhines*, 544 U.S. at 277; *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). If the state courts deny post-conviction relief, this Court would still benefit from their adjudication of these claims in its determination whether to permit Petitioner to amend his petition to add them. *Id.*

The Supreme Court did not define "good cause" in *Rhines*, nor has the Sixth Circuit Court of Appeals done so. *See McGowan v. Rapelje*, No. 13-12636, 2014 WL 6612358, at *2 (E.D. Mich. Nov. 20, 2014). Federal courts have concluded that the *Rhines* good cause requirement is less stringent than that required in the context of procedural default. *See*, *e.g.*, *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (*Rhines*' "good cause" standard does not require showing "extraordinary circumstances"); *Lockridge v. Ludwick*, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009). Petitioner asserts that he received ineffective assistance by appellate counsel's failure to raise his unexhausted issues, which suffices to establish good cause for *Rhines*' purposes. Finally, there is no indication Petitioner has engaged in

dilatory or otherwise abusive litigation tactics, but instead appears to have been diligent in pursuing relief.

### III.    Conclusion

For the reasons stated above, the Court will stay this case while Petitioner returns to state court and pursues additional state remedies.[2, 3] Where, as here, a district court determines that a stay is appropriate pending exhaustion, the Supreme Court directs that the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Accordingly, Petitioner shall

---

[2] Petitioner's method of properly exhausting his new claims in the state courts is through filing a motion for relief from judgment with the Oakland County Circuit Court under Mich. Ct. Rule 6.502. *Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. Rules 6.509, 7.203, 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

[3] While Petitioner appears to have additional state remedies available under the procedure outlined in Note 2 for all his unexhausted claims, including his Fourth Amendment (CLSI) issue, federal habeas relief will be unavailable for the Fourth Amendment claim if he returns to this Court. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.")

Michigan provides a "full and fair" opportunity for litigating a Fourth Amendment claim. *Hurick v. Woods*, 672 F. App'x 520, 535 (6th Cir. 2016). When an adequate such opportunity exists, habeas relief is barred, regardless of whether a petitioner litigated the issue in the state courts, or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico*, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003), *supplemented*, 595 F. Supp. 2d 775 (E.D. Mich. 2009), *rev'd on other grds*, 606 F.3d 867 (6th Cir. 2010); *see also Brown v. Berghuis*, 638 F. Supp. 2d 795, 812 (E.D. Mich. 2009) ("[A]n erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.") (citation omitted).

have ninety (90) days from the date of this order to file a motion for relief from judgment in the state trial court. If he is unsuccessful in the state trial court and on appeal from the trial court's decision, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appear on this order. An amended petition and motion to re-open this case must be filed within ninety (90) days of exhausting state remedies for Petitioner's proposed new claims. *See Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002); *Geeter v. Bouchard*, 293 F.Supp.2d 773, 775 (E.D. Mich. 2003).

To resume the case, Petitioner must move the Court to lift the stay within ninety days of completing the exhaustion of his state court post-conviction remedies. *Hargrove*, 300 F.3d at 718. If Petitioner does not file an amended petition and motion to lift the stay by the 90-day deadline, this case will remain closed.

The Court orders the Clerk of the Court to close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

**SO ORDERED.**

    s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: February 18, 2020