UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT DAREN HALE,**<br><br>    Petitioner,<br><br>vs.<br><br>**MICHAEL BURGESS,**<br><br>    Respondent. | 2:19-CV-13670-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO LIFT STAY AND AMEND PETITION (ECF NO. 7)** |

Robert Daren Hale, ("Petitioner"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. That petition was held in abeyance by the Honorable Arthur J. Tarnow, to permit Petitioner to return to the state courts to exhaust additional claims. *Hale v. Parish.*, No. 19-13670, 2020 WL 806175 (E.D. Mich. Feb. 18, 2020) (ECF No. 4). This case was transferred from Judge Tarnow to this Court on October 7, 2024. Now, before the Court is Petitioner's Motion, ECF No. 7, for the following relief: to lift the stay imposed by Judge Tarnow; to amend the Petition to change the named Respondent to be the current warden of Petitioner's prison; and to amend the Petition to state the claims that Petitioner has now exhausted in the state courts. For the reasons stated below, Petitioner's Motion is **GRANTED**.

When a federal habeas petitioner presents claims for relief that have not been exhausted in state court, "district courts have 'discretion

1

to stay the . . . petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition.'" *McBride v. Skipper*, 76 F.4th 509, 513 (6th Cir. 2023) (*quoting Rhines v. Weber*, 544 U.S. 269, 271-72 (2005)).

Judge Tarnow informed Petitioner that while he had presented claims for relief that had not been exhausted in state court, Petitioner could properly exhaust those claims by filing a motion for relief from judgment in the State of Michigan's Oakland County Circuit Court, and then seeking review of a denial of that motion from the Michigan Court of Appeals and the Michigan Supreme Court. ECF No. 4, PageID.19. Judge Tarnow then informed Petitioner that "to resume the case, Petitioner must move the Court to lift the stay within ninety days of completing the exhaustion of his state court post-conviction remedies." *Id.* at PageID.20. Petitioner did as Judge Tarnow instructed. ECF No. 7, PageID.29.

Therefore, Petitioner's Motion to lift the stay on his case and to amend his Petition to reflect the now-exhausted claims is **GRANTED**. The Clerk of the Court is **ORDERED** to serve on Respondent and the Attorney General for the State of Michigan a copy of Petitioner's original and amended petitions for writ of habeas corpus (ECF Nos. 1, 8, 9 (ECF No. 9 being the Appendices to the Amended Petition)) as well as a copy of this Order, as provided in Rule 4, Rules Governing § 2254 Cases.

Respondent is to file an answer within one hundred eighty (180) days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Moreover, in tandem with the answer, Respondent is to provide Rule 5 materials to Petitioner. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); Rule 5, Rules Governing § 2254 Cases. In turn, Petitioner will have forty-five (45) days from receipt of the answer to file a reply brief—if he so chooses. See Rule 5(e), Rules Governing § 2254 Cases.  Finally, it is **ORDERED** that the caption of this case be amended to reflect that, now, the Respondent is Michael Burgess, the prison warden where Petitioner is incarcerated. See Rule 2(a), Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**


Dated: November 18, 2024    /s/Terrence G. Berg
                                                    HON. TERRENCE G. BERG
                                                    UNITED STATES DISTRICT JUDGE